IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03402-BNB

FLOYD E. DODDS,

    Plaintiff,

v.

KIRK TAYLOR,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Floyd E. Dodds, is detained at the Pueblo County Detention Center in Pueblo, Colorado. He initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights. Mr. Dodds has been granted leave to proceed without payment of an initial partial filing fee pursuant to 28 U.S.C. § 1915 (2013).

    The Court must construe the Complaint liberally because Mr. Dodds is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Mr. Dodds will be ordered to file an amended complaint.

    Mr. Dodds alleges in the Complaint that he was assigned to administrative segregation for thirty-four days, beginning on September 16, 2013, without receiving an incident report or a hearing. When Mr. Dodds filed a grievance, he was told that the

entire wing was placed on administrative segregation status because of the actions of certain inmates. Plaintiff asserts a violation of his Fourteenth Amendment due process rights and seeks monetary relief.

The Complaint is deficient Mr. Dodds fails to allege the personal participation of Defendant Taylor, the Pueblo County Sheriff, in a violation of his constitutional rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Furthermore, to state an arguable due process claim, Mr. Dodds must allege specific facts to show that his 34-day confinement in administrative segregation imposed an "atypical and significant hardship on [him] in relation to the ordinary

incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that thirty days placement in disciplinary segregation did not implicate a constitutionally-protected liberty interest); *see also Gee v. Pacheco*, 627 F.3d 1178, 1193–94 (10th Cir. 2010) (holding that prisoner failed to state a due process claim based on four weeks of detention in an isolation cell, absent additional allegations to show an atypical and significant deprivation).  Accordingly, it is

ORDERED that Plaintiff, Floyd E. Dodds, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Dodds shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Dodds fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss some of the claims and defendants without further notice for the reasons discussed above.

DATED December 20, 2013, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge