IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-03402-RM-BNB

FLOYD E. DODDS,

Plaintiff,

v.

ALCALA, Pueblo County Sheriff Chief,
BALLAS, Pueblo County Sheriff Captain,
SKYES, Pueblo County Sheriff Sergeant, and
KELLI A. SINABON, Pueblo County Sheriff Classifications,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

_____

This matter arises in connection with my Order to Show Cause issued on March 24, 2014 [Doc.#21]. For the following reasons, I respectfully RECOMMEND that the rule be made absolute and that this action be DISMISSED.

On February 10, 2014, the court issued an Order Drawing Case [Doc. #8]. The Order Drawing Case was mailed to the plaintiff, Mr. Dodds, at his address of record at the Pueblo County Detention Center. The envelope addressed to Mr. Dodds was returned as undeliverable because Mr. Dodds was not known at that address. On February 12, 2014, a copy of the Certificate of Service [Doc. #11] was mailed to the plaintiff at the Pueblo County Detention Center. On February 13, 2014, a Memorandum [Doc. #12] was mailed to the plaintiff at the Pueblo County Detention Center. Both envelopes were returned as undeliverable because Mr. Dodds apparently has been relocated or has moved without notifying the court or leaving a forwarding address.

Mr. Dodd's last filing in this case--the Amended Complaint--was received January 16, 2014 [Doc. #7].  The court has not received a notice of change of address from Mr. Dodds as required by D.C.COLO.LCivR 11.1(d)[1] and has had no other contact with him since January 16, 2014.  Consequently, I ordered Mr. Dodds to show cause, in writing and on or before April 14, 2014, why the Amended Complaint should not be dismissed for failure to keep the court informed of his current address in violation of D.C.COLO.LCivR 11.1(d) and for failure to prosecute.  D.C.COLO.LCivR 41.1.  I cautioned Mr. Dodd that his failure to respond to the Order to Show Cause on or before April 14, 2014, would result in my recommendation that the Amended Complaint be dismissed in its entirety.  Mr. Dodd did not file a response to the Order to Show Cause, and the envelope containing the Order to Show Cause has been returned as undeliverable.

I respectfully RECOMMEND that this action be DISMISSED pursuant to D.C.COLO.LCivR 41.1 based on the plaintiff's failure to keep the court informed of his current address in violation of D.C.COLO.LCivR 11.1(d) and for failure to prosecute.[2]

Dated April 21, 2014.

---

[1] The local rules of this court require that a change of address be filed with the court within five days after the change of address.  D.C.COLO.LCivR 11.1(d).

[2] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge